IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00656-REB-MEH

ANTERO RESOURCES CORPORATION,

 Plaintiff,

v.

SOUTH JERSEY RESOURCES GROUP, LLC, and
SOUTH JERSEY GAS COMPANY,

 Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

 Before the Court is Plaintiff's Motion to Strike the Affidavits of Gregory Nuzzo and Timothy Rundall [filed October 8, 2015; docket #49]. The motion was referred to this Court for disposition. (Docket #50.) The matter is fully briefed, and the Court finds oral argument (not requested by the parties) would not materially assist the Court in its adjudication of the motion.

 Plaintiff argues primarily that the affidavits attached to Defendants' reply in support of its Motion to Stay or Transfer are untimely pursuant to Fed. R. Civ. P. 6(c)(2), which provides, "[a]ny affidavit supporting a motion must be served with the motion." While the Court construes Rule 6(c)(2) as applying specifically when a notice of hearing has been filed together with a motion (*see* Fed. R. Civ. P. 6(c)(1); *In re Stone*, 588 F.2d 1316, 1321 (10th Cir. 1978)), which is not the case here, the Court also acknowledges that reply briefs and attached affidavits addressing issues raised in response briefs are proper. *See Altamirano v. Chem. Safety & Hazard Investigation Bd.*, 41 F. Supp. 3d 982, 993 (D. Colo. 2014) (citing *Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F.3d 1130,

1134 n.1 (7th Cir. 1996) ("[W]here the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers – both briefs and affidavits – may properly address those issues.") and *Guadagni v. New York City Trans. Auth.*, 387 F. App'x 124, 125-26 (2d Cir. 2010) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.")).

In this case, the Court finds the affidavits of Mr. Nuzzo and Mr. Rundall are meant to respond to factual information provided in the response brief (docket #21 at 2-6); thus, the Court finds insufficient cause to strike the affidavits as untimely. However, in permitting the Plaintiff to file a surreply on September 23, 2015, the Court intended that Plaintiff respond both to the reply brief and the affidavits; therefore, to the extent the Court takes into consideration information provided in the affidavits, the Court will consider Plaintiff's alternative arguments concerning the weight to be accorded the affidavits.

Therefore, Plaintiff's Motion to Strike the Affidavits of Gregory Nuzzo and Timothy Rundall [filed October 8, 2015; docket #49] is **denied**, but, to the extent necessary, the Court will consider arguments made in the motion concerning the weight to be accorded the subject affidavits.

Dated this 20th day of October, 2015, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge