IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00656-REB-MEH

ANTERO RESOURCES CORPORATION,

    Plaintiff,

v.

SOUTH JERSEY RESOURCES GROUP, LLC, and
SOUTH JERSEY GAS COMPANY,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants' Motion to Stay or Transfer [filed August 19, 2015; docket #17]. The motion was referred to this Court for recommendation. (Docket #26.) The matter is fully briefed, including a surreply filed October 7, 2015, and the Court finds oral argument (not requested by the parties) would not materially assist the Court in its adjudication of the motion. For the following reasons and based on the entire record herein, the Court recommends that the motion be granted as set forth herein.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

## BACKGROUND

The Plaintiff originated this action on March 30, 2015 alleging essentially that the Defendants breached two contracts by failing to pay invoices for the purchase of natural gas sold by the Plaintiff under the contracts. *See* Complaint, docket #1. On the same date, Plaintiff filed a "Notice of Related Cases" identifying two cases filed in the United States District Court for the District of New Jersey, one by each Defendant against the Plaintiff (later consolidated into one case, the "New Jersey action"). Docket #3. Plaintiff did not serve Defendants with the Complaint in this case ("Colorado action") until mid-July 2015, apparently based on an agreement between the parties to engage in mediation efforts. *See* docket #7.

Before filing their Answer, however, Defendants filed the present motion to stay or transfer this case to the District of New Jersey on August 19, 2015. Defendants argue the Complaint is premised on the same questions of law and fact as those in the New Jersey action and, because the action was "first filed" in New Jersey, the Colorado action should be stayed pending resolution of the case in New Jersey or, in the alternative, transferred there.

Plaintiff counters that it is the "true plaintiff" in this matter and should not be deprived of its right to have its breach of contract claim decided in its chosen forum. Plaintiff contends that the "first to file" rule does not apply to anticipatory actions like that filed by Defendants in New Jersey, particularly where the district court there does not have personal jurisdiction over the Plaintiff.

Defendants reply that the District of New Jersey is the proper court to determine whether it should retain the case, apply the first-to-file doctrine, and exercise personal jurisdiction over the

---

155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Plaintiff. Defendants assert that the New Jersey action is not an "improper anticipatory filing for purposes of an exception of the first-to-file rule" because the Plaintiff never issued a demand letter or threatened a lawsuit, and the New Jersey action seeks not only declaratory relief, but also monetary damages for claims of breach of contract, mutual mistake, and unilateral mistake.

This Court granted Plaintiff's request to file a surreply to rebut "new" facts and arguments raised in Defendants' reply brief. Plaintiff argues that this Court, as the "second-filed court," should resolve the first-to-file question, including the exception for anticipatory actions, and that the New Jersey action is, indeed, a "classic anticipatory filing."

## DISCUSSION

Defendants rely primarily on an opinion by the presiding judge in this case, the Honorable Robert E. Blackburn, in *West LB AG, N.Y. Branch v. DT Land Dev., LLC*, No. 09-cv-01931-REB, 2010 WL 2698297 (D. Colo. June 25, 2010) applying the first-to-file rule where there were "two parallel federal lawsuits implicating the same set of facts, one in which the claims are pled substantively and the other in which plaintiff seeks a declaratory judgment negating the underlying premises of those substantive claims." *Id.* at *2. Plaintiff counters that *West LB AG* is distinguishable and asserts the circumstances underlying this dispute constitute an exception to the first-to-file rule, which this Court has the authority to determine.

The first-to-file rule applies "when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit." *Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (unpublished); *see also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (recognizing general rule that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case"). The

first-to-file doctrine is discretionary, resting on "principles of comity and sound judicial administration." *Cadle Co v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). Thus, "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159, 1165 (N.D. Okla. 2010) (quoting *Cadle Co.*, 174 F.3d at 603).

District courts in the Tenth Circuit that have directly considered the roles of the first- and second-filed courts in applying the first-to-file rule suggest that the proper course is for the second-filed court to make the initial determination of whether the two actions substantially overlap. *Id.* at 1166 (citing *Cadle Co.*, 174 F.3d at 605); *Crocs, Inc. v. Cheng's Enters., Inc.*, No. 06-cv-00605-PAB, 2015 WL 5547389, at *3 (D. Colo. Sept. 21, 2015); *In re Wobben Props. GmbH*, No. 14-mc-00077-MSK-KMT, 2014 WL 5002186, at *2 (D. Colo. Oct. 7, 2014). All parties appear to agree that it is proper for this Court to make the initial determination.

Generally, the initial determination under the first-to-file rule requires analysis of three considerations: "(1) the chronology of actions; (2) the similarity of parties; and (3) the similarity of issues." *Nash*, 724 F. Supp. 2d at 1167; *see also Letbetter v. Local 514, Transp. Workers Union of Am.*, No. 14-CV-00125-TCK, 2014 WL 4403521, at *4 (N.D. Okla. Sept. 4, 2014). The parties to the two actions need not be necessarily identical ("only similarity or 'substantial overlap' is required"), and "the issue must only be substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp. 2d 1261, 1278-79 (D. Utah 2010).

The parties do not dispute that the action in New Jersey was filed first on February 4, 2015; thus, the first element is met. Pursuant to the Notice of Related Cases filed by the Plaintiff here, the

parties in the New Jersey and Colorado actions are identical, and the second element is met. Finally, although Plaintiff generally argues the New Jersey action has "no connection to this lawsuit" (Response, docket #21 at 1), it fails to explain particularly how there is no connection, except to state that "New Jersey has nothing to do with this dispute or Antero and its courts lack personal jurisdiction over Antero" (*id.* at 11). While this argument may support Plaintiff's contentions concerning an exception to the first-to-file rule, it does not address whether the issues are "substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues."

For the third element, the Court finds that the actions in Colorado and New Jersey involve: (1) the same contracts, and (2) whether these contracts were breached by the Plaintiff (New Jersey) or by the Defendants (Colorado) based on the same event – Defendants' attempt to renegotiate a term of the contracts, the price of natural gas – in light of an alleged change in October 2014 in the methodology and formula for computing the price by the index on which the contracts relied. *See generally* Colorado Complaint, ¶¶ 22-25 docket #1; New Jersey Complaints, ¶¶ 12-15, dockets ##17-2, 17-3. In both actions, the parties allege claims for breach of contract and seek both declaratory relief and monetary damages. Colorado Complaint, docket #1 at 8-9; New Jersey Complaints, dockets ##17-2 at 13-25, 17-3 at 13-24. The Court finds the issues in both actions are similar and meet the third element of the first-to-file rule. Accordingly, the Court concludes the Colorado and New Jersey actions substantially overlap. *See Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, No. 12-cv-00369-LTB, 2012 WL 1439243, at *3-*4 (D. Colo. Apr. 26, 2012); *see also Letbetter*, 2014 WL 4403521, at *6.

At this point, the parties disagree as to what occurs once the Court makes the initial

determination. Relying primarily on *West LB AG*, Defendants contend that, if the second-filed court determines the actions overlap, it may stay the case, transfer it to the first-filed court, or, on rare occasions, dismiss the case. *See Cadle Co.*, 174 F.3d at 606 (quotations omitted); *see also West LB AG*, 2010 WL 2698297, at *3 (the second district court where a case is filed has the discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy) (citing *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan. 2010)). The first-filed court then will "determine whether subsequently filed cases involving substantially similar issues should proceed." *See Nash*, 724 F. Supp. 2d at 1167 ("This general rule of deference includes deferring to first-filed courts for the application of any equitable exceptions to the first to file rule, once the second-filed court has determined that there is sufficient overlap between the two cases.") *see also Alter v. F.D.I.C.*, 57 F. Supp. 3d 1325, 1334 (D. Utah 2014) (court, as the "first-filed court," determined the application of the exception to the first-to-file rule).

Plaintiff disagrees and contends Judge Blackburn's opinion in *West LB AG* is distinguishable in that, unlike here, the *second*-filed action in that case sought declaratory relief and, unlike in this case, Judge Blackburn had before him a pending dispositive motion. The Court finds these to be distinctions without a difference. In *West LB AG* (contrary to Plaintiff's implications), Judge Blackburn never addressed the merits of the dispositive motion and no one challenged or alleged the second-filed action was "anticipatory"; rather, Judge Blackburn raised the first-to-file rule *sua sponte* and suggested the Colorado action (second filed) might be characterized as "anticipatory," but deferred to the first-filed action in New Mexico conceding, "the determination is not properly mine to make in any event." *West LB AG*, 2010 WL 2698297 at *2-*3. The Court is not persuaded

that Plaintiff's identified "distinctions" render *West LB AG* unpersuasive for the Court's analysis.[2]

Plaintiff also argues "plenty of district courts" hearing the second-filed action have analyzed this exception to the rule and held "that a first-filed anticipatory action destroys the application of the first-to-file rule." Surreply, docket #45 at 5. However, this Court finds applicable, and agrees with the majority of courts in this Circuit that have followed, the procedure implemented by the Fifth Circuit in *Cadle Co.* and set forth precisely and persuasively by the Northern District of Oklahoma in a recent decision:

> When presented with a motion to transfer or stay based on the first-to-file rule, the role of the second-filed court is to determine "whether the moving party in the second-filed court has demonstrated a 'substantial overlap' between the two suits." *Nash*, 724 F. Supp. 2d at 1165–66. (citing *Cadle*, 174 F.3d at 605). If the second-filed court finds that the first-to-file rule generally applies, the second-filed court should transfer the case to the first-filed court for enforcement of the rule. *Id.*; *see also Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010). The first-filed court can then determine how the cases should proceed.

*Letbetter*, 2014 WL 4403521, at *4. In fact, the court in *Nash* concluded "a second-filed court within the Tenth Circuit has discretion to either (a) allow the first-filed court to decide whether an exception applies, or (b) decide for itself whether an exception applies; and (3) there is a preference for allowing the first-filed court to decide whether an exception applies." *Nash*, 724 F. Supp. 2d at 1167. The *Nash* court determined to defer to the first-filed court where the "exception" issue was "intertwined with similar legal issues that [were] also pending before the first-filed court." *Id.* at

---

[2] In fact, *West LB AG* is cited in, and similar in many respects to, a case cited by the Plaintiff in support of its second argument, *Animal Health Int'l, Inc. v. Livingston Enters., Inc.*, No. 12-cv-00369-LTB, 2012 WL 1439243, at *2 (D. Colo. Apr. 26, 2012). In *Animal Health*, which was the second-filed case, the Honorable Lewis T. Babcock analyzed "whether the two actions involve substantially similar parties and issues" and "which court first obtained jurisdiction over these issues" and, absent a showing of "compelling circumstances," deferred to the first-filed court to "decide these issues." *Id.* at *3-*5.

1171.

In this case, Plaintiff argues that special circumstances exist, which constitute an exception to application of the first-to-file rule. First, Plaintiff contends it is not subject to personal jurisdiction in the New Jersey court and, as such, intends to file (if it has not already) a motion to dismiss the New Jersey action. Second, Plaintiff asserts the New Jersey action is an improper anticipatory filing. This Court concludes that, in the interests of comity and sound judicial administration, the New Jersey court, in which the action was first-filed, should make these determinations.[3]

Defendants ask this Court either to stay the Colorado action pending resolution of the New Jersey action or to transfer this action to the District of New Jersey. The Court looks first to Judge Blackburn's decision in the similar case, *West LB AG*. In that "second-filed" case, in response to the complaint, the defendants filed a combined motion to dismiss/motion for summary judgment based primarily on lack of jurisdiction and improper venue, but the Court proceeded with a scheduling conference and issued a scheduling order and trial preparation order. *West LB AG*, No. 09-cv-01931-REB, dockets ##14, 23, 24, 25. The motion was fully briefed in February 2010, and the case proceeded through several months of discovery until June 25, 2010 when Judge Blackburn issued his order staying the case in deference to the first-filed action in New Mexico where the Plaintiff's motion to change venue was pending.[4] *Id.*, docket #100.

---

[3]In light of this conclusion, the Court did not consider the information or testimony provided by the parties concerning events leading up to the filing of the New Jersey and Colorado actions, except the actual dates of filing each action, which was undisputed.

[4]While the defendants' motion did not raise the first-to-file rule, the defendants asserted they had "sought a declaratory action under the New Mexico Declaratory Judgment Act as to their relationship to West LB AG" (*id.*, docket #14 at 4), and Judge Blackburn determined, as such, the

8

Similarly, this case is the second-filed case; the venue issue of "first-to-file" was raised early in the case, but the Court proceeded with a scheduling conference and issued a scheduling order and trial preparation order; and, the Court in New Jersey has not yet addressed jurisdictional or venue issues. The parties have notified this Court that the District of New Jersey originally set the action on a "suspended" calendar pending settlement negotiations at the parties' request. Defendants then notified the Court on September 22, 2015 that the New Jersey court "reopened" the action and, on October 8, 2015, the court set the matter for a telephone conference with the Magistrate Judge on October 27, 2015. Dockets ## 42, 50. Consequently, it appears the New Jersey action is proceeding.

Based on this information, the unresolved questions of personal jurisdiction and venue in New Jersey, and Judge Blackburn's conclusions in *West LB AG*, this Court respectfully recommends that the District Court stay this action pending determination by the United States District Court for the District of New Jersey regarding which of the two parallel actions should proceed, and order the parties to file periodic status reports as to the proceedings in New Jersey. *See Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("[i]t is well settled that [a] district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

In addition, the Court acknowledges the Plaintiff's notation in its Surreply that "[n]o matter what the New Jersey court ultimately rules on Antero's procedural motions on jurisdiction and venue, no prejudice would occur from allowing this case to proceed to merits discovery, because

---

first-to-file rule should be analyzed (*id.*, docket #100).

Antero will agree that discovery conducted in this case can also be used in the New Jersey case." *See* Surreply, docket #45 at 2 n.1. The Court agrees and encourages the parties to inform the Honorable Court in the District of New Jersey of the Scheduling Order prepared by and agreed to by the parties in this Court for its potential use in that District.

## CONCLUSION

Based on the foregoing and the entire record herein, this Court respectfully **recommends** that Defendants' Motion to Stay or Transfer [filed August 19, 2015; docket #17] be **granted** as follows:

1. Apply the first-to-file rule in this matter;

2. Determine that the Colorado action and New Jersey action substantially overlap;

3. Stay this case pending a determination by the United States District Court for the District of New Jersey regarding which of the two parallel actions should proceed; and

4. Order the parties to file periodic status reports as to the proceedings in New Jersey.

Respectfully submitted this 22nd day of October, 2015, in Denver, Colorado.

                                        BY THE COURT:

                                        */s/ Michael E. Hegarty*

                                        Michael E. Hegarty
                                        United States Magistrate Judge