IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00656-REB-MEH
(Consolidated with 16-cv-00167 and 16-cv-00179)

ANTERO RESOURCES CORPORATION,

    Plaintiff,

v.

SOUTH JERSEY RESOURCES GROUP, LLC,

    Defendant/Consol. Plaintiff,

SOUTH JERSEY GAS COMPANY,

    Defendant/Consol. Plaintiff,

v.

ANTERO RESOURCES APPALACHIAN CORPORATION,

    Consol. Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are Plaintiff's Motion for Protective Order [filed February 24, 2017; ECF No. 90] and Defendants' Motion for Leave to Take Trial Deposition of Kelley Doolan ["Doolan"] [filed March 9, 2017; ECF No. 102]. The motions are referred to this Court for disposition. The matters were fully briefed March 27, 2017, and the Court finds oral argument (not requested by the parties) would not materially assist the Court in its adjudication of the motions.

    First, the Court agrees with Plaintiff that, by filing their motion for leave to take Doolan's deposition, the Defendants essentially abandoned their notice and subpoena to take the deposition

of a corporate representative of Platts. *See* ECF No. 90-1. In this sense, and because the Court finds the notice and subpoena to be seeking an untimely discovery deposition, the Court grants Plaintiff's motion for an order prohibiting what appears to be a deposition pursuant to Fed. R. Civ. P. 30(b)(6).

Second, the Court must determine whether Defendants' request to take Doolan's deposition is untimely. The Court agrees with those courts acknowledging the distinction between depositions taken for the purpose of discovery and those taken for the purpose of preserving trial testimony. *See Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001); *Merlin v. Crawford*, No. 14-cv-01150-REB-NYW, 2016 WL 814580, at *2 (D. Colo. Mar. 2, 2016); *Mathews v. Denver Newspaper Agency LLP*, No. 07-cv-02097-WDM-KLM, 2009 WL 112819, at *1 (D. Colo. Jan. 15, 2009). That is, if the purpose for taking the deposition is to discover information not known, then any such deposition sought after the discovery period is typically disallowed as untimely and prejudicial.

Here, Defendants identify Doolan as "a witness with knowledge of how Platts calculated the Inside FERC Columbia Appalachia index (the 'Columbia Appalachia Index' or 'Index') before and after the parties' dispute." Motion, ECF No. 102 at 2. Plaintiff contends that Doolan was listed as a potential witness early in the litigation and that Defendants affirmatively chose not to take his deposition; as such, Defendants should not be permitted now to take Doolan's deposition, which is merely sought for purposes of discovering information from him. Defendants counter that they do, in fact, know how Doolan will testify and, because he resides in Washington, D.C., he will be unavailable to attend the trial in this case.

In determining whether to exclude evidence, the Tenth Circuit has delineated the following factors to consider:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent

> to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Summers v. Mo. Pac. RR Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). The *Summers* court emphasized that "[t]he decision to exclude evidence is a drastic sanction." *Id.* As in *Estenfelder*, this Court finds the same factors applicable to a determination of whether to permit a preservation deposition. *See* 199 F.R.D. at 356.

First, regarding any prejudice against the Plaintiff, the Court finds no surprise to any party concerning Doolan's knowledge or role in the subject matter of this case, particularly since both parties agree he was identified as a witness early in the litigation and documents in which he was identified were produced by his former employer, Platts. *See* Scheduling Order, ECF No. 31. However, the Court would find prejudice to the Plaintiff if the Defendants intended to discover new information in the case through Doolan's deposition. Plaintiff argues that Defendants "do not know the content of Mr. Doolan's testimony" and "seek[ ] to use [Doolan] as a quasi-corporate representative for Platts." Reply, ECF No. 112 at 5.

Notably, Plaintiff challenges the deposition topics set forth in the subpoena served on Doolan (*see* Response, ECF No. 113 at 5-7 ("neither party knows what Mr. Doolan will testify about to many of the broad topics identified in the Doolan subpoena")), but Plaintiff does not mention the "evidence which appear[s] in the documents produced by Platts, and which South Jersey seeks to preserve for trial" listed in Defendants' motion. Certainly, it appears the "topics of deposition" listed in the Doolan subpoena (ECF No. 96-1) are broader than the information Defendants seek to preserve; for example, topics ## 1, 8, and parts of 9 appear to seek information that does not involve "how Platts calculated the Inside FERC Columbia Appalachia index." As such, the Court will grant

3

Plaintiff's motion for protective order concerning these broad deposition topics.

However, Plaintiff provides no argument rebutting the Defendants' contention that the parties have knowledge of Doolan's testimony specifically concerning Platts' calculation of the Columbia Appalachia Index. *See* Resp., ECF No. 113. As such, the Court finds the Defendants may videotape Doolan's testimony to preserve it for trial,[1] limited solely to the following information:

1. How natural gas prices reported to Platts were used to calculate the Columbia Appalachia index under the definition that was in effect prior to December 1, 2014;

2. The criteria used by Platts to exclude reported trades as "outliers," and its application of this practice to the calculation of the Columbia Appalachia index in 2014;

3. Platts' inclusion of reported trade prices that fell within the definition of the Columbia Appalachia index during trade date October 3 and flow dates October 4-6, and trade date October 6 and flow date October 7, 2014, and its subsequent revision of those prices;

4. To the extent relevant to Platts' calculation of the Columbia Appalachia index, Platts' evaluation of constraints on the Columbia pipeline system and its decision to change the definition of the Columbia Appalachia index and establish the Columbia Appalachia (Non-IPP) index;

5. To the extent relevant to Platts' calculation of the Columbia Appalachia index and to the extent Doolan is authorized, authentication of documents generated by Platts regarding comments it solicited from the industry about changing the definition of the Columbia Appalachia index and creating the Columbia Appalachia (Non-IPP) index; and

---

[1] The Court finds no prejudice to the Plaintiff in allowing the preservation of testimony known by the parties from a deponent who will be unavailable at trial.

6.       Statements made by Doolan during his discussions with officers at South Jersey who made inquiries about the above topics.

This videotaped trial testimony will be limited to four hours and must occur on or before April 20, 2017.  Defendants will pay the costs of the videotaped testimony, including Plaintiff's counsel's airfare to and from Washington, D.C. <u>or</u> any costs necessary for Plaintiff's counsel's electronic appearance, whichever Plaintiff chooses.  The parties shall notify the Court of the date of the videotaped testimony once scheduled; the parties are encouraged to contact the Court for any issues that may arise during the videotaped testimony, particularly if any questions stray outside the limits set by this Court.

THEREFORE, Plaintiff's Motion for Protective Order [filed February 24, 2017; ECF No. 90] and Defendants' Motion for Leave to Take Trial Deposition of Kelley Doolan ["Doolan"] [filed March 9, 2017; ECF No. 102] are **granted in part and denied in part** as set forth herein.

Dated this 30th day of March, 2017, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge