**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-00656-REB-MEH
(consolidated with Civil Action No. 16-cv-00167-REB-MEH and Civil Action No.
16-cv-00179-REB-MEH)

ANTERO RESOURCES CORPORATION,

      Plaintiff,

v.

SOUTH JERSEY RESOURCES GROUP LLC and SOUTH JERSEY GAS COMPANY,

      Defendants.

---

**ORDER DENYING MOTION FOR JUDGMENT AS A**
**MATTER OF LAW AND MOTION FOR  NEW TRIAL**

---

**Blackburn, J.**

      This matter is before me on the **Defendants' Renewed Motion for Judgment**

**as a Matter of Law Under Rule 50(b) or Alternatively, Motion for a New Trial Under**

**Rule 59** [#232][1] filed August 18, 2017.  The plaintiff filed a response [#237], and the

defendants filed a reply [#239].  I deny the motion.

## I.  STANDARD OF REVIEW

### A. Rule 50(b) Motion for Judgment As A Matter of Law

      A motion for judgment as a matter of law post-verdict, as permitted by Fed. R.

Civ. P. 50(b), is determined by an assessment of all the evidence in the record.   The

court must "construe the evidence and inferences most favorably to the nonmoving

---

[1]   "[#232]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

party, and refrain from making credibility determinations and weighing evidence." ***Tyler v. RE/MAX Mountain States, Inc.***, 232 F.3d 808, 812 (10th Cir. 2000) (citations omitted).   "Only if the evidence points one way and is not susceptible to reasonable, contrary inferences supporting the non-movant is judgment as a matter of law appropriate." ***Perez v. El Tequila, LLC***, 847 F.3d 1247, 1255 (10th Cir. 2017).   Stated differently, a Rule 50(b) motion for judgment as a matter of law may be granted only "when the court is certain the evidence conclusively favors one party such that reasonable men could not arrive at a contrary verdict." ***Weese v. Schukman***, 98 F.3d 542, 547 (10th Cir. 1996) (internal quotation and citation omitted).   "Judgment as a matter of law is only appropriate if, after reviewing all of the evidence in the record, there is no legally sufficient evidentiary basis for a claim under the controlling law." ***Hysten v. Burlington Northern Santa Fe Ry. Co.***, 530 F.3d 1260, 1269 (10th Cir. 2008) (citations omitted).

### B.  Motion For New Trial

Under Fed. R. Civ. P. 59, "a motion for a new trial on the grounds that the jury verdict is against the weight of the evidence normally involves a review of the facts presented at trial, and thus animates the discretion of the trial court." ***Escue v. Northern OK College***, 450 F.3d 1146, 1156-57 (10th Cir. 2006) (internal quotation omitted). "Where a new trial motion asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence." ***Anaeme v. Diagnostek, Inc.***, 164 F.3d 1275, 1284 (10th Cir. 1999) (internal quotations and citations omitted). The record of the evidence must be considered in the light most favorable to the prevailing party. ***Id***.  "The jury ...

has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *Snyder v. City of Moab*, 354 F.3d 1179, 1188 (10th Cir. 2003) (internal quotations and citations omitted).

A motion for new trial may raise errors of law arising out of jury instructions, but a new trial is warranted only when, "having given full respect to the jury's findings and viewing the entire evidence, the trial judge is left with the definite and firm conviction that a mistake has been committed." *Hughes v. Regents of University of Colorado*, 967 F.Supp. 431, 437 (D. Colo.1996) (internal citation omitted). "Generally, courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or substantial justice has not been done." *Id.* Jury instructions must be viewed in their entirely, not as single instructions or parts of instructions. *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 109, 1112 (10th Cir. 2001). *See also Hall v. Western Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir.1993) ("The appellate court reviews the jury instructions as a whole, not by reviewing single jury instructions.").

When a federal court exercises diversity jurisdiction, substantive state law is controlling and federal procedural law is controlling.  New Jersey law controls the resolution of the substantive issues in this diversity case. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 877 (10th Cir. 2006).

## II.  BACKGROUND

The details of the background of this case and the evidence presented at trial both are well known to and well understood by the parties and the court.  Thus, only a

brief summary is necessary here.

This case concerns a pricing dispute under two contracts for the purchase and sale of natural gas. Under both contracts, the plaintiff, Antero Resources Corporation, is the seller. Under one contract, defendant South Jersey Resources Group, LLC is the buyer. Under the other contract, defendant South Jersey Gas Company[2] is the buyer. Otherwise, the contracts are largely identical, except for certain delivery volume specifications. Gas purchased under the contracts is fed into the Columbia gas transmission pipeline system.

One of the key issues at trial was whether or not a market disruption event occurred when certain events took place. The term "Market Disruption Event" is defined in the contracts. Prices under the contracts are determined by reference to a gas price index referred to as the Columbia Gas, Appalachia index. The index is published by Platts McGraw Hill Financial (Platts). In November 2014, Platts announced that gas restricted from using the IPP pool service [non-IPP transactions] on the Columbia pipeline will no longer be included in the assessment process for the index.

South Jersey claims the November 2014, statement by Platts constitutes a market disruption event under the contracts. The contracts require re-negotiation of the price if a market disruption event occurs. In November 2014, South Jersey claimed a market disruption event had occurred and demanded that Antero re-negotiate the price term of the contracts. Antero contends no market disruption event occurred in November 2014. Antero has refused to re-negotiate the price term of the contracts. Since November 2014, South Jersey has continued to buy gas from Antero under the

---

[2]  I refer to the South Jersey entities collectively as "South Jersey."

contracts but has refused to pay the full price set in the contracts.  Rather, South Jersey has paid only a portion of the price demanded by Antero.

In its complaint, Antero asserted claims for breach of contract and declaratory judgment against South Jersey, based on South Jersey's underpayment of the contract price for natural gas.  In response, South Jersey asserted defenses of mistake and occurrence of a condition subsequent. In addition, South Jersey asserted counterclaims for declaratory judgment, breach of contract, specific performance, and breach of the duty of good faith and fair dealing.  These claims and counterclaims were tried to a jury in May of 2017.  The jury returned a unanimous verdict [#200] in favor of Antero and against South Jersey on Antero's breach of contract claims.  The jury returned a unanimous verdict [#200] in favor of Antero on each of the counterclaims asserted by South Jersey.  The jury awarded damages to Antero on the breach of contract claims. The jury found that a market disruption event did not take place.

## III.  ANALYSIS

In its present motion, South Jersey seeks entry of judgment as a matter of law under Fed. R. Civ. P. 50(b) or, alternatively, a new trial.  Although South Jersey raises a variety of arguments, all of its arguments rest on one key contention by South Jersey: "The evidence points only one way: a Market Disruption Event occurred when Platts discontinued the index agreed to by the parties."  *Motion*, p. 3.  If this proposition is not true, then each of the arguments asserted by South Jersey fails.

Under Section 14 of the contracts, a "Market Disruption Event" "means, with respect to an index specified for a transaction, any of the following events: . . . (c) the temporary or permanent discontinuance or unavailability of the index . . . ; or (e) both

parties agree that a material change in the formula for or the method of determining the

Floating Price has occurred."[3]   If a Market Disruption Event occurs, "then the parties

shall negotiate in good faith to agree on a replacement price for the Floating Price . . . ."

Under either item (c) or item (e), South Jersey contends, the evidence presented at trial

demonstrates that a Market Disruption Event occurred.  In the view of South Jersey,

there is no evidence which supports a contrary conclusion.  I disagree.

At trial, the parties presented much evidence concerning the index and the

nature and effect of the announcement by Platts, in November 2014, concerning the

calculation of the index.  Ultimately, Antero argued to the jury that the announcement

made by Platts in November 2014, did not constitute a Market Disruption Event.  Antero

contended the index never became unavailable and never was discontinued, either

temporarily or permanently.  Antero argued also that the November 2014,

announcement by Platts concerning the calculation of the index did not constitute a

material change in the formula for or the method of determining the index.  The parties

presented evidence concerning the frequency and importance of non-IPP transactions

in relation to the index.  In short, Antero argued that, given the evidence, neither Section

14(c) nor Section 14(e) of the contracts was applicable.  If that is true, Antero argued,

then South Jersey is obligated to continue paying a price based on the index

In contrast, South Jersey argued to the jury that the November 2014,

announcement by Platts constituted a discontinuance of the index.  Under Section

14(c), a discontinuance is a Market Disruption Event.  South Jersey argued also that the

---

[3] The contracts were admitted in evidence at trial.  They are readily available in the record as attachments to the complaint.  *Complaint* [#1], Exhibit A [#94-1], Section 14 (CM/ECF p. 14); Exhibit B [#94-2], Section 14 (CM/ECF p. 14).

November 2014, announcement by Platts constituted a material change in the formula for or the method of determining the index.  Given the evidence, South Jersey asserted, both Section 14(c) and Section 14(e) of the contract were applicable.  Under either of these provisions, South Jersey contended, a Market Disruption Event had occurred. Under the contracts, if a Market Disruption Event occurs, "then the parties shall negotiate in good faith to agree on a replacement price for" the index price.  South Jersey argued that Antero's failure to negotiate a replacement price was a breach of the contracts by Antero.

Sufficient evidence was presented at trial to support the position taken by Antero. Most important, ample evidence was presented at trial to support the key factual conclusions of the jury: (1) the November 21, 2014, announcement by Platts concerning the calculation of the index did not constitute a discontinuance of the index; and (2) the November 21, 2014, announcement by Platts concerning the calculation of the index did not constitute a material change in the formula for or the method of determining the index.  Given the evidence presented at trial, the jury instructions [#198], and the verdict [#200] of the jury, there is no question that the jury made these factual determinations and that the determinations were supported by an adequate factual basis in the evidence.

If the jury had found that a Market Disruption Event had occurred, then the evidence showed Antero clearly was in breach of the contracts because Antero refused to negotiate a replacement price.  South Jersey argued this position to the jury. However, the jury found Antero did not breach the contracts.

On the other hand, if the jury found a Market Disruption Event did not occur, then the index continued to control the price under the contracts after November of 2014. Beginning in November of 2014, South Jersey refused to pay the full price based on the index. The jury found that South Jersey's failure to pay the full price based on the index was a breach of the contracts.  Necessarily, this finding by the jury is based on the factual conclusion that there was no Market Disruption Event.  Again, the record contains ample evidence to support that factual conclusion.

In its motion [#232], South Jersey presents a variety of arguments in support of its request for judgment as a matter of law and its alternative request for a new trial.  All of those arguments are based on the contention that the evidence at trail supports only one conclusion - a Market Disruption Event occurred when Platts made its announcement about the index in November 2014.  Readily, the evidence presented at trial supports the contrary conclusion – a Market Disruption Event did not occur when Platts made its announcement about the index in November 2014.  Crediting the evidence favoring Antero, as I must, I find that the record in this case does not support any of the arguments of South Jersey.

### IV.  CONCLUSION & ORDER

The evidence presented at trial concerning the occurrence of a Market Disruption Event is sufficient to support the conclusion of the jury that a Market Disruption Event did not occur.  Readily, the evidence supports reasonable inferences and conclusions which support the position of Antero on this issue.  South Jersey is not entitled to judgment as a matter of law.  Similarly, South Jersey is not entitled to a new trial.

**THEREFORE, IT IS ORDERED** that the **Defendants' Renewed Motion for Judgment as a Matter of Law Under Rule 50(b) or Alternatively, Motion for a New Trial Under Rule 59** [#232] is denied.

Dated March 23, 2018, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge